On October 29, 1996, the Stark County Grand Jury indicted appellant, Bert Burden, on two counts of rape with force specifications in violation of R.C. 2907.02(A)(1)(b), R.C.2907.02(B) and R.C. 2907.02(A)(2), two counts of felonious sexual penetration in violation of R.C. 2907.12(A)(1)(b) and R.C. 2907.02(A)(2), and two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4) and R.C. 2907.05(A)(1). Said charges arose from incidents involving two girls, one under the age of thirteen and the other a thirteen to fourteen year old. The indictment was subsequently amended to delete the force specifications.
On December 18, 1996, appellant pled guilty as charged. By judgment entry filed December 23, 1996, the trial court sentenced appellant to an aggregate indeterminate term of ten to fifty years in prison.
On September 17, 1997, a hearing was held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By judgment entry filed September 22, 1997, the trial court classified appellant as a "sexual predator."
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED IN OVERRULING APPELLANTS MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
II
 THE TRIAL COURT ERRED IN OVERRULING APPELLANTS MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON RETROACTIVE APPLICATION GROUNDS.
III
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
IV
 THE TRIAL COURT ERRED IN OVERRULING APPELLANTS' MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
V
 THE TRIAL COURT ERRED IN DENYING APPELLANTS REQUEST FOR A CONTINUANCE OF THE H.B. 180 CLASSIFICATION HEARING.
Vl
 THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 I, II, III, IV
This court has previously reviewed these arguments inState v. Royce Albaugh (February 1, 1999), Stark App. Nos. 1997CA00167 and 1997CA00222, unreported, State v. Earl Bair
(February 1, 1999), Stark App. No. 1997CA00232, unreported, andState v. Frederick A. McIntyre (February 1, 1999), Stark App. No. 1997CA00366, unreported. We hereby adopt and incorporate the corresponding assignments of error from these opinions herein.
Assignments of Error I, II, III and IV are denied.
 V
Appellant claims the trial court erred in denying his request for a continuance of the classification hearing. We disagree.
The grant or denial of a continuance rests in the trial court's sound discretion. State v. Unger (1981), 67 Ohio St.2d 65. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Appellant's first parole hearing will be held in 2003. Appellant argues "to classify a prisoner years in advance of his release date denies the prisoner an opportunity to build a positive institutional record." See, Appellant's Brief at 26. Appellant argues because the trial court is required to consider "whether the offender participated in available programs for sexual offenders" [R.C. 2950.09(B)(2)(f)], an early hearing precludes a prisoner from developing such evidence.
The full text of R.C. 2950.09(B)(2)(f) states as follows:
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
This section is but one factor to consider. Furthermore, whether the offender participated in any programs for sexual offenders is to be considered in the context of aprevious criminal offense, not the current offense before the court.
If the trial court conducts the hearing prior to the offender having the opportunity to participate in any programs, the trial court's determination does not render the factor meaningless. An offender who has been classified a sexual predator may potentially benefit from subsequent participation in available programs. R.C. 2950.09(D)(1) allows an offender who has been classified a sexual predator to petition the trial court for redetermination of the classification. At this point, the factor may become relevant.
Upon review, we find the trial court did not abuse its discretion in denying the request for continuance.
Assignment of Error V is denied.
 VI
Appellant argues the trial court's classification was inconsistent with the "clear and convincing evidence" standard of R.C. 2950.09(B)(3). We disagree.
In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v.Foley Construction (1978), 54 Ohio St.2d 279. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
In its judgment entry of September 22, 1997, the trial court did consider the above factors. The trial court noted this case involved two victims, one under the age of thirteen and the other a thirteen year old. The trial court also noted appellant's conduct took place over an extended period of time. The bill of particulars filed December 3, 1996 indicates appellant engaged in a continuing course of conduct from November, 1995 to June, 30, 1996 whereby appellant inserted his fingers into the vaginal cavity of the thirteen year old and touched her breast and genital area. As for the victim under thirteen, appellant engaged in the same conduct plus vaginal intercourse and cunnilingus. The trial court noted appellant was the stepfather of the victims and therefore "took advantage of this special relationship with the children to sexually abuse them." The trial court found appellant's conduct was "a demonstrated pattern of abuse." Based upon the above factors, the trial court concluded appellant should be classified a "sexual predator" as defined in R.C. 2950.01(E).
Based upon our review of the record, we find the trial court's conclusion is supported by clear and convincing evidence and is not against the manifest weight of the evidence.
Assignment of Error VI is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Wise, P.J. and Gwin, J. concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
--------------------
--------------------
 -------------------- JUDGES
Hon. John W. Wise, P.J., Hon. W. Scott Gwin, J., Hon. Sheila G. Farmer, J., JUDGES.